East'n. District.
*May*, 1826.

ZOIT.
*vs.*
MILLAUDON

## ZOIT vs. MILLAUDON.

APPEAL from the parish court of the parish and city of New-Orleans.

Exceptions to the report of referees may be made *ore tenus*, if no objection is taken to that mode.

The consignee, who was agent in the purchase, may sell the goods to replace his advances.

MATHEWS, J., delivered the opinion of the court. In this case, the plaintiff claims from the defendant 836 dollars 53 cents, a balance which he alleges to be due to him on account of cotton which was shipped to England and sold on his account, through the agency of said defendant.

The accounts of the parties were by their consent submitted to referees, who reported in favor of the defendant 206 dollars 20 cents, which sum was claimed by him in his answer. This report was not adopted by the court below as the basis of the judgment, on account of being considered as erroneous in point of law, and judgment was there finally rendered in favor of the plaintiff for the full amount of his claim; from which the defendant appealed.

The statement and evidence of the case show, that the defendant, at the request of Debuys & Longer, who appear to have been agents for the plaintiff *quoad hoc*, shipped sixty-

six bales of cotton to England, on which he
advanced eight cents per pound. The cotton
was at the risk of the defendant, and the pro-
ceeds of sales were, by special agreement, to
be vested in crockery ware, to be sent to and
received by the defendant, to be delivered
over to the plaintiff, on his refunding the ad-
vances made on the cotton, and paying com-
missions and interest, &c. This agreement
seems to have been carried into effect up to
the purchase, shipment, and receiving of the
crockery ware by the defendant. After it had
remained some time on hand, he addressed
a note to Debuys & Longer, who had acted
as agents for the plaintiff in the affair of the
advances and shipment of the cotton, and of
the investment of the proceeds arising from
sales in England, requiring to have refunded
to him the money advanced, and also his com-
mission and interest on the whole transaction,
and that the crockery ware should be taken
away. To this note they reply, that their
agency for the appellee had ceased, leaving
the appellant to choose his own mode of ob-
taining remuneration for the advances, com-
mission, &c. In order to indemnify himself, it
appears that ten or twelve days after this

East'n. District.
*May*, 1826.

Zoit
*vs.*
Millaudon.

correspondence, he caused the crockery ware to be sold at auction, which sale took place about the 13th of September, 1823: this merchandise had then been on hand, according to the dates of the account current, from the last of May preceding. It sold at a loss on the original cost, which, his counsel contends, ought to be borne by the appellee.

The accounts between the parties in relation to matters of fact, it is agreed, have been properly stated and reported by the referees; leaving for the decision of the court, a question as to the legality of the appellant's proceedings in the sale of the crockery ware on account and at the risk of the appellee: before, however, entering on the discussion of this question, the only one of much importance in the cause, it may not be improper to examine one raised on the report of the referees, in the solution of which, we are of opinion, the court below was correct. It is contended, that as no opposition was filed in writing, to the award or report of referees, the parish judge could not, on sound legal principles, refuse to make it the judgment of the court. In the present case, the submission of the accounts to the persons appointed by the court, although

East'n. District.
May, 1826.

ZOIT
vs.
MILLAUDON.

done with the consent of the parties, did not change the nature of their office, so as to give them full cognizance of the cause, like arbitrators or judges chosen by parties to a suit. The law does not positively require that opposition should be made in writing to the report of referees : if made, *ore tenus*, and contested by the counsel of the parties, it should suffice. The act of a court referring accounts to fit persons, for examination and adjustment, certainly does not transfer to such referees a right to determine finally, questions of law which may arise in relation to such acts.

In coming to a conclusion on the main question of the case, the court is much relieved from the perplexity and labor of research which it might otherwise require, by a decision heretofore made, to be found in 8 *Martin*, p. 402 *et seq.*

That was a case in which the vendor of property resold it for account and risk of a vendee, who neglected to receive and take it from the warehouse of the former. The present is one in which a consignee, who was largely in advance to the owner of goods, procured through the agency of the former, and which were not to be delivered to the

latter until payment should be made by him of said advances, which formed indirectly a large portion of the price of the articles thus purchased and procured, caused said goods to be sold at the risk of the proprietor, for the purpose of effecting a fulfilment of the contract existing between the parties. This step was not taken until after due notice was given to the persons who had acted for the owner in making the contract, nor until a reasonable time had elapsed, in which the agreement should have been finally adjusted. In truth, any distinction which may be made between the two cases, forms no difference in their legal character. See the authorities referred to in the case cited. *Ex necessitati rei* the holder of the property becomes agent for the owner in the sale made.

It is therefore ordered, adjudged, and decreed, that the judgment of the parish court be avoided, reversed, and annulled; and it is further ordered, adjudged, and decreed, that judgment be here entered for the appellant and defendant for $206 20, with costs in both courts.

*Seghers* for the plaintiff, *Derbigny* for the defendant.